Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000063
24-FEB-2012
08:07 AM

CAAP-11-0000063

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SANDRA M. HEFFELFINGER, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1889)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Ginoza, JJ.)


        Defendant-Appellant Sandra M. Heffelfinger
(Heffelfinger) appeals from the "Judgment of Conviction and
Probation Sentence" (Judgment) filed on January 4, 2011, in the
Circuit Court of the First Circuit (Circuit Court).[1]  We affirm.

        Heffelfinger was charged with third-degree promotion of
a dangerous drug, in violation of Hawaii Revised Statutes (HRS)
§ 712-1243 (Supp. 2011)[2] (Count 1); and prohibited acts related

---

[1] The Honorable Richard W. Pollack presided.

[2] HRS § 712-1243 provides in relevant part that "[a] person commits the
offense of promoting a dangerous drug in the third degree if the person
knowingly possesses any dangerous drug in any amount."

to drug paraphernalia, in violation of HRS § 329-43.5(a) (1993)[3/] (Count 2). After a jury-waived bench trial, the Circuit Court found Heffelfinger guilty as charged on both counts. The Circuit Court sentenced Heffelfinger to concurrent terms of five years of probation, with the special condition that she serve twelve months of imprisonment, subject to early release after six months upon her entry into a residential substance abuse treatment program.

I.

Plaintiff-Appellee State of Hawaiʻi (State) presented the following evidence at trial. Honolulu Police Department (HPD) Officers Thomas Carvalho and Brandon Liu were on foot patrol when they observed Heffelfinger squatting with a glass pipe in her hand. The pipe was brown at both ends. Based upon his training in the identification of narcotics and drug paraphernalia, Officer Liu identified the pipe as the type that appeared to be used for crack cocaine. Upon seeing the officers, Heffelfinger looked surprised. She immediately closed her left hand around the pipe and put her hand behind her left thigh, as though she was trying to conceal the pipe. Heffelfinger headed toward a trash can, but when Officer Carvalho moved into her path, Heffelfinger threw the pipe on the ground and stepped on it. Heffelfinger stated, "Well, I'm just going to crush this pipe." However, the ground was wet and soft, and the officers were able to recover the pipe intact. HPD Criminalist Michelle Shinsato analyzed residue from the pipe and determined that it contained cocaine.

---

[3/] HRS § 329-43.5(a) provides in relevant part:

It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.

II.

On appeal, Heffelfinger contends there was insufficient evidence to support her convictions because the State failed to introduce sufficient evidence "to establish that the pipe contained cocaine, that Heffelfinger knew that the pipe contained cocaine, and that she possessed drug paraphernalia with the intent to use it." We disagree.

We resolve Heffelfinger's arguments on appeal as follows:

(1) Heffelfinger contends that the State failed to show that Criminalist Shinsato had been properly trained in operating the machines used to analyze the residue from the pipe and therefore failed to lay a sufficient foundation for Criminalist Shinsato's testimony that the pipe residue contained cocaine. Heffelfinger argues that without Criminalist Shinsato's testimony regarding her drug analysis, there was insufficient evidence to establish that the pipe contained cocaine. Heffelfinger, however, did not object at trial to Criminalist Shinsato's testimony on the ground of lack of foundation due to insufficient training. Accordingly, Heffelfinger waived this objection. See State v. Wallace, 80 Hawai'i 382, 410, 910 P.2d 695, 723 (1996). The Circuit Court properly considered Criminalist Shinsato's testimony which provided substantial evidence that the pipe contained cocaine.

(2) When viewed in the light most favorable to the State, see State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981), there was sufficient evidence to show that Heffelfinger knew that the pipe contained cocaine, and that the pipe constituted drug paraphernalia which she possessed with the intent to use to ingest a controlled substance in violation of HRS Chapter 329. Intent may be proved by circumstantial evidence. State v. Silva, 67 Haw. 581, 587, 698 P.2d 293, 297 (1985). Among other things, there was credible evidence that Heffelfinger was observed by the HPD officers in possession of the type of glass pipe used to ingest crack cocaine; that the

3

pipe contained cocaine residue; and that upon being approached by the officers, Heffelfinger attempted to conceal the pipe and then to destroy it.  We conclude that there was substantial evidence to support Heffelfinger's convictions.

III.

We affirm the Circuit Court's Judgment.

DATED:  Honolulu, Hawai'i, February 24, 2012.

On the briefs:

Taryn R. Tomasa
Deputy Public Defender
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge

4